UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 10-20014
                                            Honorable Denise Page Hood

VISHNU PRADEEP MEDA (D-9),
PRAMOD RAVAL (D-10),
CHIRADEEP GUPTA (D-14),
RICHARD SHANNON (D-15),
NABILA MAHBUB (D-16),

        Defendants.

_____/

### ORDER REGARDING VARIOUS MOTIONS IN LIMINE

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motions *in Limine* **[Docket Nos. 363, 368, 411-12]**. Defendant Gupta requests the Court to exclude "other acts" evidence that Gupta participated in home health care fraud at another facility. Defendant Raval asks that the Court preclude the Government from admitting evidence that Raval participated in home health care fraud or the receipt of kickbacks for another facility. Defendant Meda asks the Court to exclude his employment file. Defendant Mahbub requests that the Court exclude evidence of her activities at a company not named in the indictment.

**II.    ANALYSIS**

When evaluating the admissibility of evidence, the Court must first determine whether the evidence is relevant. Evidence is relevant if it has the tendency to make a fact of consequence "more or less probable that it would be without the evidence." Fed. R. Evid. 401. All relevant

evidence is admissible; irrelevant evidence is inadmissible. Fed. R. Evid. 402. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A. Motions to Exclude 404(b) Evidence

Federal Rules of Evidence 404(b) precludes the admission of evidence of "other crimes, wrongs, or acts" when used to prove the Defendant's character. However, such evidence may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, "provided that the prosecution…provide reasonable notice in advance of trial…" *Id.* The trial court has broad discretion in determining whether similar act evidence is admissible. *United States. v. Stout*, 509 F.3d 796 (6th Cir. 2007). However, Rule 404(b) is inapplicable "[w]here the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with evidence of, the crime charged." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (quoting *United States v. Henderson*, 626 F.3d 326, 338 (6th Cir.2010)). Additionally, "background" evidence does not implicate Rule 404(b). Such evidence has a "causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

The trial court must first determine whether there is sufficient evidence to allow the jury to make a reasonable finding, by a preponderance of the evidence, "that the act occurred and that the defendant was the actor." *Huddleston v. U.S.,* 485 U.S. 681, 690 (1988); *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir. 1992). The trial court must then assess whether the

similar acts evidence is probative of a material issue other than character. *Huddleston*, 485 U.S. at 686. The next inquiry is whether the evidence is relevant to a matter "in issue." *United States. v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991). The evidence "must deal with conduct substantially similar and reasonably near in time to the offenses" the defendant is tried. *Id.* Finally, the court must determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury. Fed. R. Evid. 403; *see also Feinman*, 903 F.2d at 499.

        1. <u>Defendant Gupta's Motion *in Limine* [Docket No. 363]</u>

Defendant Chiradeep Gupta requests that the Court preclude the Government from introducing evidence that Gupta "participated in home health care fraud at Careplus Home Health Services, Inc." The Government asserts that such evidence is "inextricably intertwined" with evidence of Gupta's health care fraud at issue in this case. Specifically, the Government contends that this is evidence of a network of fraudulent home health care agencies that were all linked to Mohammed Shabab. The Government asserts that such testimony is essential to explain the extent of Gupta's partnership with Shabab, which implicates knowledge, common plan, and intent.

It appears that such evidence is admissible as "inextricably intertwined" with Gupta's conduct at issue in the present matter. Such evidence tends to show the partnership between Shabab and Gupta and the common plan of fraud between various health care agencies tied to both Defendants. Such evidence could show that Gupta and Shabab shared beneficiaries or the methods used to bill Medicare twice. Evidence on these issues would not substantially outweigh any danger of unfair prejudice because it would show that Gupta had a plan and executed this plan prior to the fraud at issue. The Court will not exclude this evidence.

2.  Defendant Raval's Motion *in Limine* [Docket No. 368]

Defendant Raval asks the Court to exclude evidence that Raval participated in a health care fraud and/or the solicitation or receipt of kickbacks in 2006 regarding Vital Home Health Care, Inc. Raval asserts that the Government does not have corroborating evidence of his receipt of a $50,000 kickback. The Government only has testimony from Shabab. Raval contends that the credibility of Shahab is at issue. The Government argues that Shabab will provide testimony that the $50,000 payment to a company associated with Raval was in exchange for patient referrals to Vital Home Health Care, of which Shabab was a partner. The Government contends that this interaction was the beginning of the relationship between Shabab and Raval that is subject of the present matter and is probative of knowledge, intent, and common plan. The Government further asserts that it has provided a copy of this check to Raval.

Such evidence would be probative of knowledge, intent and common plan because it establishes the relationship that may have led to the health care fraud alleged here. Such information would assist the trier of fact in determining that a common plan existed, Raval's knowledge, and his intent in the alleged health care fraud scheme. The probative value of this evidence would outweigh the danger of prejudice to Raval. The Court will not preclude it.

3.  Defendant Mahbub's Motion *in Limine* [Docket No. 412]

Defendant Mahbub requests that the Court exclude evidence of her activities with the Visiting Nurses of Michigan, Inc., which is not named in the Indictment. The Government seeks to admit a witness statement, in which a former Visiting Nurses' employee told Mahbub that Shabab was a "crook." The witness also indicates that Mahbub was overbilling at Visiting Nurses and Visiting Nurses was also engaged in fraud. Mahbub contends that the witness had a known vendetta against her. Mahbub further contends that evidence of this witness telling her

4

that Shabab was a crook has little probative value to show her intent.

The Government contends that it seeks to admit such evidence to show that Mahbub was aware of the fraud taking place at All American Health Care and agreed to work there despite the fraud. The Government notes that the witness described a scheme at Visiting Nurses that was similar to the scheme at All American. The witness allegedly told Mahbub that it was well known that the businesses connected to Shabab were involved in Medicare fraud, but Mahbub continued to work there because she would be paid more and have a better title. The Government maintains that such information is background information that can show the trier of fact how Mahbub came to work for Shabab. The Government believes that this information is probative of motive, opportunity, intent, knowledge and/or absence of mistake. The Government will also request that the jury is given a limiting instruction.

Whether Mahbub was told by the witness that Shabab was a crook is not probative of whether she actually believed it or decided to work for Shabab based on this fact. The Government does not indicate that it has evidence that Mahbub participated in the scheme at or was involved with billing at Visiting Nurses. The Government does not provide the basis for the witness' knowledge. The witness did not work for Shabab. The Government's arguments are not persuasive. These statements are not relevant and would be more prejudicial than probative. The Court grants Mahbub's Motion *in Limine*.

### B. Defendant Meda's Motion *in Limine* [Docket No. 411]

Defendant Meda asks the Court to exclude a 21-page employment file that contains handwritten notes summarizing conversations with Meda's physical therapy patients and a typed summary of a conference with Meda and administrators of All American. The handwritten notes contain a statement from Nabila Mahbub, a co-conspirator, whom Meda argues he may not be

5

able to cross-examine in violation of the Sixth Amendment Confrontation Clause. The author of the notes is not identified and Meda contends that this file contains inadmissible hearsay.

The Government provides that the file is the work product of All American's Administrator, Director of Nursing, Biller, and Officecare Manager (Nabila Mahbub) and was made in response to complaints against Meda. The Government argues that Meda's motion is premature. The Government has not indicated what parts of the employment file that it will use and will not do so until closer to trial. The Government argues that certain parts may be admissible under the business exception to the hearsay rule at Fed. R. Evid. 803(6) and that the Government has witnesses to testify that the documents were kept in the normal course of business and of a type normally kept.

Defendant Mahbub contends that the file containing her statements should be admitted and asks the Court to deny Meda's motion *in limine*. Specifically, Mahbub argues that such notes would be exculpatory as they relate to her because the notes would show that she reported irregularities when she became aware of them and was not participating in any conspiracy or fraud. Mahbub contends that such notes would not be excludable under the Sixth Amendment Confrontation Clause because they are not testimonial in nature.

Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Civ. P. 801(c). The business-records exception to the hearsay rule provides:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). A document must satisfy the following four requirements to be available under the business-record exception rule: 1) the document was made in the regular course of business; 2) the document was kept in the regular course of business, 3) the document was made in response to a regular practice of the business; and 4) the document was made at or near the time by someone with knowledge or from information transmitted from someone with knowledge. *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002). The Government must present a witness to lay an appropriate foundation for the evidence to be admissible under the business-record exception. *Id.*

Given that the Government has not indicated which parts of the employment file it will use, this inquiry appears to be premature. Although an employment file may qualify as a record that would satisfy the business-records exception, there is no way to determine at this time if there are statements that constitute hearsay within hearsay not admissible under an exception. The Court defers making a decision until the Government has indicated which documents it intends to use.

As to Mahbub's statements, her statements cannot be classified as testimonial. In *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004), the Supreme Court held that the Confrontation Clause of the Sixth Amendment does not allow the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." In that case, the Supreme Court held that statements made to police during questioning were testimonial. *Id.* at 68; *see also Davis v. Washington*, 547 U.S. 813, 821 (2006) (holding that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing

emergency."); *Michigan v. Bryant*, 131 S.Ct. 1143, 1155 (2011) (noting that "the most important instances in which the [Confrontation] Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial.") Mahbub's statements were not made during the course of any investigation and were included in a report arguably generated during the course of normal business procedures. These statements cannot be said to be testimonial. If the Government or Mahbub seeks their admission, the Court may allow them.

### III.   CONCLUSION

**IT IS ORDERED** that Defendant's Motion *in Limine* Regarding "Other Acts" Evidence **[Docket No. 363, filed July 15, 2011]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* to Prohibit the Government from Introducing Alleged Prior Acts of Misconduct **[Docket No. 368, filed July 15, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* to Exclude Employment File **[Docket No. 411, filed November 10, 2011]** is **DENIED IN PART** and decision re: non-Mahbub statements **DEFERRED** until the Government indicates which files it intends to use at trial.

**IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* of Defendant Mahbub **[Docket No. 412, filed November 10, 2011]** is **GRANTED**.

                                          s/Denise Page Hood_____
                                          DENISE PAGE HOOD
DATED:   February 9, 2012            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2012, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager